**YI CHAO LIANG, Petitioner,**

v.

**Peter D. KEISLER, Acting U.S. Attorney General,[1] Respondent.**

No. 07–1416–ag.

United States Court of Appeals, Second Circuit.

Oct. 29, 2007.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Pe-

David X. Feng, New York, NY, for Petitioner.

ter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales

Peter D. Keisler, Acting U.S. Attorney General, former Assistant Attorney General; Emily Anne Radford, Assistant Director; John W. Blakeley, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Yi Chao Liang, a native and citizen of the People's Republic of China, seeks review of a March 9, 2007 order of the BIA affirming the July 29, 2005 decision of Immigration Judge ("IJ") Vivienne Gordon–Uruakpa denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liang, Yi Chao,* No. A 95 841 374 (B.I.A. Mar. 9, 2007), *aff'g* No. A 95 841 374 (Immig. Ct. N.Y. City, July 29, 2005). We assume the parties' familiarity with the facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, the Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). Similarly, when the BIA adopts the decision of the IJ and supplements the

as a respondent in this case.

IJ's decision, the Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). The Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We will vacate and remand for new findings, however, if the agency's reasoning or its fact-finding process was sufficiently flawed or if the agency applied improper legal standards. *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

Substantial evidence supports the agency's adverse credibility determination. The IJ found implausible Liang's claim that family planning officials intended to sterilize him when his wife became pregnant for the second time, as the officials did not do so during a period when they knew where Liang could be found, and because, when his second daughter was born some ten years after his first, Liang was subjected only to a fine. (JA 53). Because Liang did not address this implausibility finding in his brief to the Court, he has waived any challenge to it. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005) (citing *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998)).

As to the findings that Liang does challenge, we conclude that they are supported by substantial evidence. We afford substantial deference to the IJ's finding that Liang was unresponsive, as the IJ was in the best position to observe his demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005). Moreover, Liang's testimony and the evidence he submitted were inconsistent as to whether Liang, his wife, or both, were ordered to be sterilized, and as to who issued the sterilization order. As the alleged sterilization order was central to Liang's claimed fear of persecution, these inconsistencies amply support the IJ's adverse credibility determination. *See Majidi,* 430 F.3d at 80–81 (adverse credibility determination may be based on inconsistent statements by the asylum applicant about matters material to the claim of persecution).

The IJ's findings were not flawless, but remand is not required in this case when it can be confidently predicted that the agency would adhere to the same decision upon remand, after correcting for any flaws. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir.2006). Because the only evidence of a threat to Liang's life or freedom depended upon his credibility, the adverse credibility determination in this case precludes success on his claims for withholding of removal and CAT relief, which were based on the same factual predicate as his asylum claim. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal is DENIED as moot.